### JIM YOUNG v. THE STATE.

No. 4161.    Decided November 18, 1908.

**Burglary—Possession of Property Recently Stolen—Charge of Court.**

Where upon trial for burglary there was no explanation given by defendant
of his possession of the alleged stolen property, and the case did not rest
alone upon defendant's possession thereof, there was no error in the court's
failure to charge in respect to possession of property recently stolen.

Appeal from the District Court of Smith. Tried below before the
Hon. R. W. Simpson.

Appeal from a conviction of theft of a hog; penalty, four years
imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court
of Smith County on a charge of burglary. The indictment alleges
in substance that he broke and entered a house owned by one Joel
Eaton with intent to commit the crime of theft. · The evidence in
brief shows that about the time alleged in the indictment Joel Eaton,
with his family and with most of the other white neighbors near him,
went fishing. That at the time the door of the house entered, which
was a little log house, was fastened with an iron hasp over a staple
and with a lock over the staple; that on his return the fastening was

broken and among other things three middlings of meat had been stolen. Sometime after this he made application for a search warrant, under authority of which he searched the house and premises of appellant without at the time finding anything he could identify. Subsequently on information received he made another search and found in defendant's house a part of one middling of meat which he identified by the string by which it had been tied and by certain other marks on it, leaving little or no doubt of the accuracy of the identification. There are numerous other circumstances in the case tending to connect appellant with the transaction which we deem unnecessary to state.

Appellant relies, among other things, upon an alibi and the suggestion that the meat had been stolen by one Prior Knight. The court submitted all these issues to the jury very fully and fairly, instructing the jury among other things that if they believed that Knight had entered the house, or if they had a reasonable doubt thereof, they would acquit appellant. It was also claimed by the appellant that the piece of meat in question had been left by Knight and in his absence. The court instructed the jury that if they found from the evidence that Knight carried the piece of meat to appellant's house, or if they had a reasonable doubt as to this fact, they would acquit appellant. He also submitted the issue of alibi in an unexceptional charge, and in connection with the whole case gave a correct charge on the law of circumstantial evidence. Indeed, there is little or no objection to the charge made in the motion for a new trial. The objection was made that the court failed to give to the jury a plain and specific charge on the possession of recently stolen property explaining the law applicable to evidence of possession. There was no explanation given by appellant of his possession of the stolen property, nor did the case rest alone upon his possession thereof, and there was no occasion for the court to charge in respect to this testimony. The case is essentially one of fact.

Reading the record carefully, as we have done, we are strongly impressed with the fact that appellant is guilty. In any event it can not be said that there was no evidence to justify the judgment of conviction. So believing, it is ordered that the judgment be and the same is hereby in all things affirmed.

<em>Affirmed.</em>